UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 03 CR 933 |
| v. ) | Judge Elaine E. Bucklo |
| ) | |
| VINCENTE HERNANDEZ and ) | |
| JEFFREY CUBERO ) | |

FILED
MAR 18 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

NOTICE OF FILING

To: Frank M. Kostouros  Gerald Collins
Frank J. Anreou  Attorney at Law
Luke Kassen  Suite 1310
Attorneys at Law  100 West Monroe Street
Suite 1114  Chicago, Illinois 60603
332 South Michigan Avenue  FAX: 312/263-0182
Chicago, Illinois 60604
FAX: 312/935-2001

Please take notice that on the 18th day of March, 2004, I caused to be filed with the Clerk of the United States District Court for the Northern District of Illinois, the following document:

Government's Consolidated Response
to Defendant Hernandez' Pre-Trial Motions

a copy of which is attached hereto and thereby made a part hereof.

JOHN H. NEWMAN
Assistant United States Attorney
219 S. Dearborn, Rm. 500
Chicago, Illinois 60604
(312) 353-5323

STATE OF ILLINOIS  )
                   ) SS
COUNTY OF COOK     )

_John H. Newman_____, being first duly sworn, on oath deposes and says that he is employed in the Office of the United States Attorney for the Northern District of Illinois; that on the 18th day of March, 2004, he caused to be hand delivered and faxed the foregoing notice and submission, addressed to the persons identified above, at the above identified office, on said date at the hour of about 4:00 p.m.

SUBSCRIBED and SWORN to before me
this _18th_ day of _March_ 2004

"OFFICIAL SEAL"
Carol L. Blue
Notary Public, State of Illinois
My Commission Exp. 06/24/2006

NOTARY PUBLIC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA )
)
vs. ) No. 03 CR 933
) Judge Elaine E. Bucklo
VINCENTE HERNANDEZ )

F I L E D
MAR 18 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### GOVERNMENT'S CONSOLIDATED RESPONSE TO DEFENDANT HERNANDEZ' PRE-TRIAL MOTIONS

The UNITED STATES OF AMERICA, by and through its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, hereby submits this Consolidated Response to Defendant Hernandez' Pre-Trial Motions. Defendant Vincente Hernandez ["Hernandez"] has filed (1) a Motion to Disclose Intent to Use Evidence of Other Crimes, Wrongs and Bad Acts; (2) a Motion for Production of Defendant's and Co-Conspirator's Statements; and (3) a Motion to Suppress Evidence. Defendant's motions are without merit and should be denied. In support of its position the government states as follows.

### MOTION TO DISCLOSE INTENT TO USE EVIDENCE OF OTHER CRIMES, WRONGS AND BAD ACTS

1. Pursuant to the Criminal Rules of Evidence and the Local Criminal rules, the government provided defendant Hernandez with 148 pages of discovery material. These materials contained a copy of Hernandez' post arrest statement, as well as the post arrest statement of his co-defendant and co-conspirator Jeffrey Cubero ("Cubero"). In his post arrest statement, Hernandez admitted to the conspiracy alleged in the indictment with co-conspirator Cubero and

others, which included admissions about heroin, drug presses and drug proceeds which thereafter were seized on September 26, 2003. These admissions by Hernandez included statements that co-defendant Cubero had planned to leave the next day for Curacao to obtain additional heroin, and that Hernandez had been selling kilogram quantities of heroin approximately every two weeks for approximately a year. Hernandez' admissions about what occurred during and in the course of the conspiracy and his possession of drugs, drug proceeds and drug paraphernalia, are direct evidence of the offenses for which he is charged, and will not be offered by the government as Rule 404(B) evidence at trial. Notwithstanding, to the extent the admissions by Hernandez could somehow be viewed as 404(B) evidence, they have already been disclosed to him. Consequently, since the government does not intend to offer any Rule 404(B) evidence at trial as described above, defendant Hernandez' motion should be denied.

### MOTION FOR PRODUCTION OF DEFENDANT'S AND CO-CONSPIRATOR'S STATEMENTS

2. As stated above, defendant Hernandez' has received a copy of his post arrest statement and that of co-defendant Cubero. The government has also provided Hernandez with a copy of the later proffer statements of Hernandez and Cubero. In the event that both defendants choose to go to trial, the government will seek a severance to avoid any *Bruton* issue and therefore, will try the defendants separately. As a result, Hernandez' post arrest

statement implicating co-defendant Cubero in the conspiracy and substantive offenses will be offered into evidence as admissions by Hernandez, and will not be offered under *Santiago* as a co-conspirator statement by Cubero. Nonetheless, even if co-defendant Cubero's post arrest statement is viewed as a co-conspirator's statement under *Santiago*, confirming the prior existence of thre conspiracy, these statements have already been disclosed to Hernandez. Consequently, since the government has already provided Hernandez with his post arrest statement, and that of co-conspirator Cubero, in which they both admit to the conspiracy, defendant's motion should be denied.

### MOTION TO SUPPRESS EVIDENCE

3. Hernandez has filed a motion to suppress which contains general, conclusory, allegations that the police stopped his vehicle without probable cause, that a "pretextual arrest" followed, and that the subsequent seizure of evidence was "done so without authority of a valid search or arrest warrant". (Motion p. 1, Memorandum pp. 1-2). No affidavit was filed by Hernandez in support of his allegations.

4. As detailed in the discovery materials, on September 26, 2003 the Chicago Police Department ("CPD") conducted a traffic stop on a vehicle driven by defendant Hernandez, for a violation of the Illinois obstruction of license plate law. Thereafter, the CPD officer requested and obtained oral consent from Hernandez to search

-3-

the vehicle and discovered approximately $32,500, which Hernandez admitted was drug proceeds. Investigators also requested and obtained oral consent to search 5312 North Sawyer, Chicago, Illinois, an apartment Hernandez controlled, and where Hernandez admitted that heroin was located, and where three kilograms of heroin, a safe, and a drug press were later found and seized by the investigators. Investigators also requested and obtained written consent from Hernandez to search apartments located at 5526 and 5328 North Sawyer, Chicago, Illinois, which Hernandez controlled, and where Hernandez admitted that heroin, drug proceeds, guns and drug presses would be located, and where these items were later found and seized by the investigators.

5. A defendant who seeks to suppress evidence bears the burden of presenting "definite, specific, detailed, and nonconjectural facts" to establish that there is a disputed issue of material fact. *United States v. Toro*, ___ F.3d ___ (7th Cir, No. 03-2965, March 4, 2004, 2004 WL 395889), (affirming the district's court denial of a suppression motion not supported by specific facts), citing *United States v. Rodriguez*, 69 F.3d 136, 141 (7th Cir. 1995). The defendant must make this prima facia showing of illegality without relying on vague or conclusory allegations. *Toro*, ___ F.3d ___ (7th Cir, No. 03-2965, March 4, 2004, 2004 WL 395889), citing *United States v. Randle*, 966 F.2d 1209, 1212 (7th Cir. 1992). Since defendant Hernandez has not alleged "definite,

specific, detailed, and nonconjectural facts" to establish that there is a disputed issue of material fact, defendant's motion to suppress should be denied.

6. Defendant Hernandez also alleges that a suppression hearing is warranted because there was no probable cause to stop his vehicle, but then states that a "pretextual arrest" occurs "when police employ an arrest based on probable cause as a device to investigate or search for evidence of an unrelated offense for which probable cause is lacking; arrest serves as a means to circumvent warrant requirement of the Fourth Amendment", citing *United States v. Trigg*, 878 F.2d 1037 (7th Cir. 1989). *Trigg* concluded that "so long as the police are doing no more than they are legally permitted and objectively authorized to do, an arrest is constitutional". *Id*, at 1041. In the present case, the CPD had the authority to effectuate a valid traffic stop. Nonetheless, *Trigg* was decided before the Supreme Court's decision in *Whren v. United States*, 517 U.S. 806 (1996) discussed below.

7. Hernandez makes no allegation, and provides no details, regarding how his stop for a traffic violation was improper. Rather, Hernandez only makes the conclusory assertion that there was no probable cause. Moreover, there was no "pretextual arrest" of Hernandez for the traffic violation. Notwithstanding, the Supreme Court has stated that an officers' subjective motivation for making a traffic stop is irrelevant. *Whren*, 517 U.S. at 813 (noting that

"[s]ubjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis."). See, *United States v. Hernandez-Rivas*, 348 F.3d 595, 599 (7th Cir. 2003); *United States v. Williams*, 106 F.3d 1362, 1365 (7th Cir. 1997) ("ulterior motives of an officer, where an objective justification exists, do not invalidate a search"). A court's "objective analysis is indifferent to the relatively minor nature of the traffic offense". *Williams*, 106 F.3d at 1065, citing *United States v. Murry*, 89 F.3d 459, 461 (7th Cir. 1966) (probable cause exists where automobile missing rear license plate in violation of Wisconsin law) and *United States v. Smith*, 80 F.3rd 215, 219-220 (7th Cir. 1966) (probable cause formed where air freshener hanging from rear view mirror, or where cracked windshield and automobile crossing fog lines, or where improper use of turn signal and automobile straddling lanes, all in violation of Illinois law). See also, *United States v. Stribling*, 94 F.3d 321, 323 (7th Cir. 1996) (citing to *Whren's* holding that "ulterior motives do not invalidate a police stop for traffic or equipment violation, which forecloses Stribling's argument that the traffic stop was a pretext for a drug investigation".) Consequently, since Hernandez only makes a conclusory allegation, without specificity, that there was no probable cause for the traffic stop, defendant's motion for a suppression hearing is without merit and should be denied.

WHEREFORE, for the foregoing reasons, defendant's motions (1) to Disclose Intent to Use Evidence of Other Crimes, Wrongs and Bad Acts; (2) for Production of Defendant's and Co-Conspirator's Statements; and (3) to Suppress Evidence should be denied.

    Respectfully submitted,

    PATRICK J. FITZGERALD
    United States Attorney

By: *[signature]*
JOHN H. NEWMAN
Assistant United States Attorney
219 South Dearborn Street
Room 500
Chicago, Illinois 60604
(312)353-5323