## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | **CASE NO. 03 CR 933** |
| v. | ) | |
| | ) | **JUDGE ELAINE BUCKLO** |
| VINCENTE HERNANDEZ | ) | |
| | ) | |

**F I L E D**

DEC 2 3 2004

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**DOCKETED**

JAN 1 0 2005

### NOTICE OF MOTION

**TO:** GREGORY T. MITCHELL
18141 DIXIE HIGHWAY
SUITE 105
HOMEWOOD, IL 60430

M. DAVID WEISMAN
ASSISTANT U.S. ATTORNEY
219 S. DEARBORN STREET
CHICAGO, IL 60604

PLEASE TAKE NOTICE THAT ON THURSDAY, DECEMBER 23, 2004, I HAVE FILED THE ATTACHED **MOTION OF THE CITY OF CHICAGO FOR PROTECTIVE ORDER** WITH THE FEDERAL DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS.

PLEASE TAKE FURTHER NOTICE THAT ON FRIDAY, JANUARY 7, 2005, AT 9:30 A.M., I WILL APPEAR BEFORE THE HONORABLE JUDGE ELAINE BUCKLO IN THE COURTROOM REGULARLY OCCUPIED BY HER AT 219 S. DEARBORN STREET IN CHICAGO, ILLINOIS, AND THEN AND THERE PRESENT THE ATTACHED **MOTION OF THE CITY OF CHICAGO FOR PROTECTIVE ORDER,** A COPY OF WHICH IS HEREBY SERVED UPON YOU.

DATED: DECEMBER 23, 2004

SHERI H. MECKLENBURG
GENERAL COUNSEL TO THE
SUPERINTENDENT OF CHICAGO POLICE
3510 S. MICHIGAN
CHICAGO, ILLINOIS 60653
(312) 745-6115

64

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

FILED

DOCKETED
JAN 10 2005

DEC 2 3 2004

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 03 CR 933 |
| V. | ) | |
| | ) | Judge Elaine Bucklo |
| VINCENTE HERNANDEZ | ) | |
| | ) | |

### MOTION OF THE CITY OF CHICAGO FOR PROTECTIVE ORDER

The City of Chicago hereby moves, pursuant to Federal Rule of Criminal Procedure

16(d), for a protective order quashing defendant's subpoena requesting documents relating to

confidential informants. In support of this motion, the City of Chicago states as follows:

1. Defendant's subpoena seeks documents regarding the identity of a confidential informant.

On or about November 30, 2004, the Chicago Police Department received defendant's subpoena

directed to the Chicago Police Department's Organized Crime Division, Narcotics Section,

specifically seeking documents relating to confidential informants. The subpoena, a copy of

which is attached hereto as Exhibit A, requests:

> Any and all records, applications for search warrants, indemnification reports, notes,
> cooperation agreements, memoranda, payment records, e-mails, phone logs, contact logs,
> arrest reports, photo arrays, incident reports, interview notes, diaries, calendars, travel
> logs, and expense reports created by, originated by or maintained by the Chicago Police
> Department, Organized Crime Division, Narcotics Division, for *all confidential*
> *informants* supervised by Officer Maruice Thornton, Star #13714 during the period 1998
> through 2003 for Beat 6255, Event #17963, RD#HJ655987. (Emphasis added.)

Representatives of the Chicago Police Department, including the undersigned, contacted defense

counsel prior to the return date to inform him that before they could respond to the subpoena,

they needed to investigate the facts surrounding this case.

2. The Confidential Informant in this case is a mere "tipster" who was not present during the

transaction at issue. This Court's Memorandum Opinion and Order dated October 30, 2004,

based upon an evidentiary hearing, sets forth the facts that led to the charges against the

defendant. Initially, a reliable confidential informant provided a "tip" to the Chicago police. A

task force consisting of Chicago police and federal agents then set up surveillance, which led to the eventual arrest of the defendant. The "tipster" was not present during the surveillance or arrest and was not involved in the transactions at issue in this case. Moreover, in a conversation with Assistant United States Attorney M. David Weisman, on approximately December 16, 2004, the undersigned counsel was informed that the government has no intention of calling the confidential informant as a witness at trial in this matter.

3. <u>The identity of a Confidential Informant who is a mere "tipster" is privileged from disclosure.</u> The identity of a confidential informant or tipster who has provided information to law enforcement is privileged from disclosure. *See United States v. Valles*, 41 F.3d 355, 358 (7th Cir. 1994). This privilege "recognizes the responsibility of citizens to cooperate with law enforcement officials and, by providing anonymity, encourages them to assume this responsibility. With the threat of reprisal real and unprotected against, well-intentioned citizens may hesitate or decline to assist the government in tracking down wrongdoers." *Dole v. Local 1942*, 870 F.2d 368, 372 (7th Cir. 1989). In so holding, the Seventh Circuit has emphasized that the "most effective means of protection, and by derivation the most effective means of fostering citizen cooperation, is bestowing anonymity on the informant, thus maintaining the status of the informant's strategic position and also encouraging others similarly situated who have not yet offered their assistance." *Id.* Here, the confidential informant is a mere "tipster," who provided police with information about potentially unlawful conduct but did not participate in the events which led to defendant's arrest. *See United States v. Andrus*, 775 F.2d 825, 842 (7th Cir. 1985), in which the court affirmed that there would be no disclosure where the informant's information instigated the investigation but he was not present during the actual events ("[w]hen the informant is a mere 'tipster,' rather than a participant or an eye witness to the event in question, disclosure will not be required").

WHEREFORE, the undersigned respectfully requests that this Court enter an order quashing the Subpoena and holding that the information relating to the identity of the confidential informant is privileged from disclosure.

Respectfully submitted,

Sheri H. Mecklenburg
General Counsel to the Superintendent
Chicago Police Department
3510 S. Michigan Avenue
Chicago, Illinois 60653
(312) 745-6115

Dec-02-04  12:37    From-DEPUTY CHIEF NAGIS CPD              +3127467683        T-094   P.01/03   F-017

AO 89 (Rev. 7/95) Subpoena in a Criminal Case

# United States District Court

EASTERN ---- DISTRICT OF 30 NOV 2004 14  17 ILLINOIS

RECORDS D.V. HEADQUARTERS

UNITED STATES OF AMERICA

## SUBPOENA IN A
## CRIMINAL CASE

V.

VINCENTE HERNANDEZ

CASE NUMBER:

03 CR 933

TO:

Chicago Police Department Unit 189
Organized Crime Division/Narcotics Section
3340 West Fillmore Street

Chicago, IL 60624

YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below, or any subsequent place, date and time set by the court, to testify in the above referenced case. This subpoena shall remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court.

| PLACE | COURTROOM |
|---|---|
| U.S. District Court | 1903 |
| Federal Building | |
| 219 S. Dearborn Street | DATE AND TIME |
| Chicago, IL 60604 | December 10, 2004 9:30 a.m. |

x    YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s)

Any and all records, applications for search warrants, identification reports, notes, cooperation agreements, memoranda, payment records, e-mails, phone logs, contact logs, arrest reports, photo arrays, incident reports, interview notes, diaries, calendars, travel logs, and expense reports created by, originated by or maintained by the Chicago Police Department, Organized Crime Division, Narcotics Division, for all confidential informants supervised by Officer Maurice Thornton, Star #13714 during the period 1998 through 2003 for Beat 6255, Event #17963, RD#HJ655987

U.S. MAGISTRATE JUDGE OR CLERK OF COURT                    DATE

MICHAEL W. DOBBINS

(BY) DEPUTY CLERK                                           November 24, 2004

ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER
Gregory T. Mitchell
18141 Dixie Highway, Suite 105, Homewood, IL  60430  (708)799-9325

This form was electronically produced by Elite Federal Forms, Inc.

AO 89 (Rev. 7/85) Subpoena in a Criminal Case

# PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| RECEIVED BY SERVER | | |
| SERVED | DATE | PLACE |

SERVED ON (PRINT NAME)

FEES AND MILEAGE TENDERED TO WITNESS

YES ☐ NO ☐ AMOUNT $

SERVED BY (PRINT NAME)

TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

Date

Signature of Server

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT ON DECEMBER 23, 2004, I CAUSED A COPY OF THE FOREGOING NOTICE OF MOTION AND MOTION OF THE CITY OF CHICAGO FOR PROTECTIVE ORDER TO BE SERVED BY REGULAR MAIL UPON THE ATTORNEYS NAMED IN THE NOTICE OF MOTION.

SHERI H. MECKLENBURG